NEW YORK,
October, 1816.

DODGE
v.
LEAN.

Where a person becomes surety to the owner of a vessel, that certain seamen shipped on board the vessel shall proceed upon the voyage, and the seamen receive wages in advance, which they pay to their surety as his indemnity, in case the seamen desert the vessel before the commencement of the voyage, the owner cannot maintain an action for money had and received against the surety, to recover back the wages advanced.

Where, in shipping articles of seamen, a person has signed his name under a column headed "Sureties," but there is no explanation added as to the extent of his undertaking, it is not a sufficient writing within the statute of frauds, and the undertaking is void.

## DODGE against LEAN.

IN ERROR, on *certiorari* to the justices' court in the city of *New-York.*

The plaintiff in error brought an action against the defendant in error in the court below, and declared against him as surety for *George Herrick* and *George Chapman*, on a certain voyage, and demanded forty dollars, on the ground that the said seamen had not proceeded on that voyage. The declaration also contained a count for money had and received. At the trial it appeared, that the seamen above mentioned, had first engaged themselves on board of the schooner *Juliet*, for a voyage to *Petersburgh, Virginia*, and back, and that the defendant had received ten dollars advance wages, for each of them in that voyage, he being their security; that the voyage was afterwards changed by the owners, with the consent of all the parties, and a new voyage substituted; that the two sailors signed two shipping articles, and that the defendant became surety, by signing his name opposite to the names of the sailors, in the column headed " sureties," and received the further sum of ten dollars for each of them, making, in all, forty dollars, received on account of the shipping articles, as security therein. It also appeared, that the words " security until the vessel sailed" were written after the name of the defendant, in the column headed " sureties," by the plaintiff, after the defendant had signed his name, and without his privity; that the defendant delivered up the seamen to the captain of the *Juliet*, before her departure; that they escaped, and were again twice successively delivered up, by the defendant; that after each time, they escaped, and that the vessel finally departed on her voyage without them.

The court below gave judgment for the defendant, on the ground that he had not bound himself, as security, by such a writing, as was valid within the statute of frauds.

*Van Wyck*, for the plaintiff in error.

*Anthon*, contra.

*Per Curiam.* The return to the *certiorari* in this case is so imperfectly made out, that it is impossible to understand it, without

referring to the affidavit upon which the *certiorari* was allowed. From the return it does not appear how, or in what way, the plaintiff had any concern or interest in the transaction. But, looking at the affidavit, it would seem that he was owner of the vessel, and advanced the money. It was not, however, advanced by him to the defendant, upon any contract or agreement between them; it was paid, as advance wages, to the seamen, *Herrick* and *Chapman.* And it is to be collected from the return, the affidavit, and shipping articles all together, that the money was put into the defendant's hands by the seamen for his indemnity, for becoming security for them, on the shipping articles. The plaintiff, therefore, could not recover on his money-count. The money could not, in any way, be considered as in the defendant's hands for the use of the plaintiff. The payment was made to the seamen by the plaintiff, and the defendant received it from them on a contract totally unconnected with the plaintiff. If he has, therefore, any remedy against the defendant, on account of the non-compliance by the seamen with their contract, it must be on his special undertaking as their surety.

To his right to recover on that ground there are several objections. From the return it appears, that when the defendant signed his name in the shipping articles, under the head " sureties," it was unaccompanied with any addition or explanation whatever, for what he was surety, nor does the return in any way explain the nature or object of the undertaking. If he was surety that the seamen should be put on board the vessel, he fulfilled his undertaking. The words written under the defendant's name, " *surety until the vessel sails,*" appear to have been written by the plaintiff himself, after the defendant had signed his name, and without his privity or consent. They must, at all events, be rejected, if they do not totally destroy the instrument, so far as respects the defendant: and, rejecting these words, there is no proof that the defendant has failed in his undertaking as surety for the seamen. But the defendant's promise required a note or memorandum in writing, within the statute of frauds. It was an undertaking for the default of others; and his bare signature, under the word surety, was not a sufficient memorandum. It did not, in any manner, show what his agreement was, or for what he became surety. The memorandum ought to state, substantially, what the undertaking of the surety is. The judgment below must, accordingly, be affirmed.

Judgment affirmed.